UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LENNARD BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1026 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

# MEMORANDUM AND ORDER

In October of 2014 Lennard Brown pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He had a total offense level of 23 and a criminal history category of IV, resulting in a sentencing guidelines range of 70 to 87 months. I varied from the advisory guidelines range and sentenced him to 48 months' imprisonment. Case No. 4:14CR129 CDP.

After the United States Supreme Court decided *Johnson v. United States,* 135 S.Ct. 2551 (2015), Brown filed a Motion to Correct Sentence Under 28 U.S.C. § 2255, arguing that under *Johnson* his base offense level under U.S.S.G. § 2K2.1 should have been lower because, he argued, one of his prior convictions should no longer be considered a crime of violence under the sentencing guidelines. His base offense level had been calculated as a 24 under 2K2.1(a)(2), because he committed

the instant offense after sustaining at least two felony convictions for a crime of violence, specifically, Burglary Second Degree and Residential Burglary.

In *Johnson* the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague, and Brown argues that the same analysis should apply to U.S.S.G. § 2K2.1, so that his Burglary Second Degree conviction should no longer be considered a crime of violence. *Johnson* was not a sentencing guidelines case but was a constitutional void for vagueness challenge to the Armed Career Criminal Act. After *Johnson* was decided, and after Brown filed this motion, the Supreme Court decided *Beckles v. United States,* 137 S.Ct. 886 (2017), and held that the United States Sentencing Guidelines could not be challenged on void for vagueness grounds.

I previously stayed this case pending the decision in *Beckles*. Given that *Beckles* has now been decided and makes it clear that Brown has no basis for relief under *Johnson*, I will lift the stay and deny the Motion to Vacate.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this case is lifted.

**IT IS FURTHER ORDERED** that the motion to vacate, set aside or correct sentence [1] is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Brown's Criminal Case No. 4:14CR129 CDP.

A separate judgment in accord with this order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017.